## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

ANTHONY BARRON,                        :
                                       :
            Plaintiff,                 :
                                       :
      VS.                              :
                                       :      7 : 12-CV-134 (HL)
CAROLYN W. COLVIN[1],                  :
Acting Commissioner of Social Security, :
                                       :
            Defendant.                 :
_____

## RECOMMENDATION

The Plaintiff filed this Social Security appeal on October 9, 2012, challenging the Commissioner▪s final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. ▪ 405(g) and 42 U.S.C. ▪ 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   In reviewing the ALJ's decision for support by substantial evidence, this court may not

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for former Commissioner Michael J. Astrue as Defendant herein.   42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."   *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."   *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.   20 C.F.R. ▪ 404.1520.   In Step One, the Commissioner determines whether the claimant is working.   In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.   At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.   At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.   Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff initially filed applications for disability and Supplemental Security Income benefits in April 2000 and April 2002, which were consolidated in November 2004 in a decision denying relief. (T – 14).   The Plaintiff filed subsequent applications for benefits in December 2005 and March 2008, which were also denied.   *Id.*   The Plaintiff filed the application for disability benefits at issue herein on February 25, 2009.   (T –121-124).   His claim was denied initially and upon reconsideration.   (T – 54-55).   A hearing was held before an ALJ on November 9, 2010.   (T –29-53).   In a decision dated

January 28, 2011, the ALJ determined that the Plaintiff was not disabled.   (T – 10-28).   The Appeals Council denied Plaintiff's request for review, making the January 2011 decision the final decision of the Commissioner.   (T- 1-7).

### Statement of Facts and Evidence

The Plaintiff was fifty-four (54) years of age at the time of the ALJ's January 2011 decision on his claim.   (T – 121).   He has a high school education and past relevant work experience as a heavy equipment operator.   (T –149, 145).   Plaintiff asserts that he became disabled as of July 1, 2001 primarily due to diabetes, heart problems, asthma, COPD, arthritis, and swelling of the joints.   (T – 139-144).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of insulin dependent diabetes mellitus, obesity, high blood pressure, obstructive sleep apnea, and asthma.   (T - 17).   In his January 2011 decision, the ALJ found that the Plaintiff had the residual functional capacity to perform sedentary work with certain limitations.   (T – 17).   After relying on the Medical-Vocational Guidelines as a framework for decision making and the testimony of a Vocational Expert, the ALJ found that the Plaintiff was not disabled.   (T – 23).

## DISCUSSION

### Disability prior to date last insured

The Plaintiff initially asserts that the ALJ erred in finding Plaintiff not disabled prior to his date last insured, December 31, 2005.   Specifically, the Plaintiff maintains that the record reveals serious episodes of lower extremity swelling that the ALJ failed to consider, focusing instead on periods of less significant swelling in the Plaintiff's lower extremities.

Plaintiff's date last insured for Title II benefit purposes was December 31, 2005.   (T – 125-126); *see* 42 U.S.C. § 423(a)(1) and (c) (providing a definition of insured status, based on number

of quarters of employment).   He must show that he was disabled prior to this date to be entitled to

Title II benefits.   *Adamo v. Comm'r. of Soc. Sec.,* 365 Fed.Appx. 209, 212 (11th Cir. 2011)(" A

disability insurance claimant must prove that he was disabled on or before the last date for which he

was insured."); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The ALJ considered evidence of Plaintiff's edema, or swelling, in the lower extremities and

joints, noting that "[i]n October 2005, the claimant presented with trace edema on the left and by

December 2005, no edema was present."   (T – 18, 19).   The ALJ further noted that the Plaintiff was

repeatedly told to lose weight, and that, in response to Plaintiff's complaints of lower extremity

swelling, "the first recommendation by the doctor was that the claimant needed to lose weight and

exercise.   The claimant was noted to be up to 330 pounds.   No adjustments were made to his

medications." (T -19).   The ALJ concluded that "[i]t is clear that all of the claimant's various

conditions are being aggravated by the claimant's obesity." *Id.*   Ultimately, the ALJ

> assign[ed] little weight to the claimant's subjective allegations, as they
> are not reasonably consistent with the nature of the objective evidence
> or other evidence of record . . . While the claimant does have some
> objective limitations, which I have accounted for, there does not seem to
> be any reason why he should not be able to work within the residual
> functional capacity I have adjudged, if he were so inclined.

(T – 22).

Although the Plaintiff points to references in the record regarding swelling in his lower

extremities which allegedly were not the ALJ's primary focus, most of these references relate to the

time period after Plaintiff's date last insured, December 31, 2005.   (T – 188).   A review of the record

reveals that by December 23, 2005, several days prior to the Plaintiff's date last insured, the Plaintiff

experienced "no edema".   (T – 632).   Moreover, Plaintiff's treatment records between August 2001

and December 2005 show only some reports of swelling, with the majority of treatment notes showing

no swelling or decreased swelling once Plaintiff's medications were adjusted.   (T – 714, 701, 697, 689, 684, 672, 662, 660, 651, 649, 640, 634).

Thus, the Plaintiff has not shown that the record contains evidence of serious episodes of lower extremity swelling, relevant to the time period prior to the Plaintiff's date last insured, that the ALJ failed to consider.   The ALJ properly considered the medical reports of swelling, and found that the swelling, along with other conditions, was shown to improve when Plaintiff followed a proper diet and medication plan.

*New evidence: treating physician's opinion*

The Plaintiff also asserts that the Appeals Council improperly failed to remand his claim in light of new evidence from treating physician Dr. Savelli.   New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision.   20 C.F.R. ▪ 404.970(b).   "Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit from a new application, but it is not probative of whether a person is disabled during the specific period under review."   *Enix v. Comm'r. of Social Sec.*, 461 Fed.Appx. 861, 863 (11th Cir. 2012).   The Appeals Counsel herein stated that it

> considered Dr. Savelli's letter dated March 4, 2011 and we reviewed your treatment records for the period prior to the expiration of your insured status.   We found that your treatment records for the period before the expiration of you[r] insured status do not support a finding that you were disabled because of chronic lower extremity edema that necessitated that you regularly elevate your legs.   You had problems with leg edema between May 2005 and August 2005 . . . Nevertheless, for the period through December 2005, the record does not indicate that your edema was so severe and chronic that it precluded work within the parameters of the Administrative Law Judge's residual functional capacity assessment.
>
> . . .

> Having reviewed and considered your attorney's contentions, the
> evidence that was before the Administrative Law Judge and the
> additional evidence that your attorney has submitted in connection
> with the request for review, we have denied your request for review.

(T - 2).

A review of the evidence at issue, a statement issued by treating physician Dr. Brent Savelli on March 4, 2011, reveals that the evidence post-dates the ALJ's January 2011 decision and relies on medical records already in the record and considered by the ALJ.   (T – 627-628).   Moreover, the March 2011 letter does not appear to be material to any change in the ALJ's decision.   This letter does not reference any specific medical records regarding Plaintiff's condition as it actually existed prior to Plaintiff's date last insured, but provides only Plaintiff's diagnoses, treatment regimens, and Dr. Savelli's expectations as to what Plaintiff's capabilities would have been in December 2005.

Pursuant to 20 C.F.R. ' 404.1527(e)(2), the Commissioner will Aconsider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner.@   AA statement by a medical source that you are >disabled= or >unable to work= does not mean that we will determine that you are disabled.@   20 C.F.R. ' 404.1527(e)(1).   Good cause to discount the opinion of a physician has been found to exist Awhere the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.   We have also found good cause where the doctors= opinions were conclusory or inconsistent with their own medical records.@ *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).   As the *Lewis* court noted, A[w]e are concerned here with the doctors= evaluations of [the plaintiff's] condition

and the medical consequences thereof, not their opinions of the legal consequences of [her] condition.@*Id.*

Dr. Savelli's March 2011 letter is largely conclusory, providing no actual alleged onset date but concluding that Plaintiff was disabled prior to his date last insured, and relies on information already in the record before the ALJ.   Thus, the Appeals Council did not err in its decision to deny review of the Plaintiff=s case based on its consideration of the new evidence from Dr. Savelli.

*Conclusion*

Inasmuch as the Commissioner=s final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner=s decision be **AFFIRMED** pursuant to Sentence Four of ▪ 405(g).

Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 25th day of September, 2013.

s/   *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**